**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge Anibal GALVEZ, Defendant–Appellant.**

**No. 03–41696.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided July 9, 2004.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, Mark Michael Dowd, Brownsville, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Rudy Xavier Rodriguez, Houston, TX, for Defendant–Appellant.

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

**426**

PER CURIAM: *

Jorge Galvez appeals his guilty-plea conviction and sentence for illegal reentry following deportation. He first argues that the district court erred in finding that his prior state misdemeanor conviction for sexual abuse of a person under fourteen qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) and erred in increasing his offense level by eight pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

We have reviewed the record and briefs and conclude that the district court did not err in applying the eight-level increase, because Galvez's state sexual abuse conviction qualified as an aggravated felony under § 1101(a)(43)(A). *See United States v. Urias–Escobar*, 281 F.3d 165, 166–68 (5th Cir.), *cert. denied*, 536 U.S. 913, 122 S.Ct. 2377, 153 L.Ed.2d 196 (2002).

Galvez argues next that the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(a) and (b) are unconstitutional sentencing provisions. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Galvez concedes, this issue is foreclosed. *See Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

